IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) Criminal Case No. 0419 1:16CR00064-005
)
Tyquise Deandre Griffin )
Defendant )

### AGREED ORDER AND JUDGMENT
### TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Tyquise Deandre Griffin and for good cause shown therein, and also based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. DRUG/ALCOHOL USE (Date violation concluded: 7/22/2022).

The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner"

(a). Specifically, on 11/30/21 the defendant submitted to a urinalysis for drug testing. The sample tested presumptively positive for the presence of cannabinoids. The sample was sent to the Alere

1

National Laboratory where the sample was confirmed positive for the presence of marijuana. (Grade C)

(b). Additionally, the defendant violated this condition of supervision in that, on 2/2/22 the defendant submitted to a urinalysis for drug testing. The sample tested presumptively positive for the presence of cannabinoids. The sample was sent to the Alere National Laboratory where the sample was confirmed positive for the presence of marijuana. (Grade C)

(c). Additionally, the defendant violated this condition of supervision in that, on 2/28/22 the defendant submitted to a urinalysis for drug testing. The sample tested presumptively positive for the presence of cannabinoids. The defendant signed a written admission admitting to the use of marijuana on or about three days prior to the test. (Grade C)

(d). Additionally, the defendant violated this condition of supervision in that, on 7/22/22 the defendant submitted to a urinalysis for drug testing. The sample tested presumptively positive for the presence of cannabinoids. The sample was sent to the Alere National Laboratory where the sample was confirmed positive for the presence of marijuana. (Grade C)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violation is a maximum Grade C and that the defendant has a Criminal History Category of I.

Based thereon the parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of I is a term of imprisonment from three (3) to nine (9) months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of three (3) months, with no further term of supervised release to follow.

If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she is admitting the violations of supervised release because he/she did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original sentencing Judgment.

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Tyquise Deandre Griffin be and is hereby SENTENCED to a term of imprisonment of three (3) months on Count 1 of the judgment. Defendant shall surrender for service of this sentence as instructed by the Bureau of Prisons, until which time defendant remains on release subject to the terms and conditions previously imposed.

It is further ORDERED that the Court RECOMMENDS to the Bureau of Prisons that the defendant 1. Participate in any available educational and vocational opportunities. 2. Participate in the Federal Inmate Financial Responsibility Program. 3. Participate in any available substance abuse treatment program and if eligible receive benefits of 18:3621(e)(2). 4. Defendant shall support all dependents from prison earnings.

It is further ORDERED that the defendant be and is hereby ORDERED to serve no further term of supervised release after being released from the sentence of imprisonment ordered herein.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately, or according to an installment payment plan designated by the U.S. Probation Office and approved by the Court.

So ORDERED and ADJUDGED, this the 26 day of September, 2022.

_____
Martin Reidinger
Chief U.S. District Court Judge

4

APPROVED

_____
Tyquise Deandre Griffin
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Sherain Teel
Supervisory U.S. Probation Officer

_____
Justin Adams
Location Monitoring Specialist

5